JOHN D. NIX, JR.,  8745  NO. 8,745

versus  COURT OF APPEAL

ALEXANDER MADISON  :  PARISH OF ORLEANS

WILLIAM A. BELL, JUDGE.

October 16, 1922.

Court of Appeal,
Parish of Orleans
FILED 10-16/22
[signature: A. Stansbury]

8745

BY: WILLIAM A. BELL, JUDGE.

By verdict and judgment rendered in the trial
of this cause in the Civil District Court for the Parish of Orleans
the plaintiff, John D. Nix. Jr., now appellant before this Court,
was recognized as entitled to a vendor's lien and special mortgage
in the sum of $395 bearing on certain real estate formerly belong-
ing to the defendant, Alexander Madison, now deceased. This same
property at date of and for sometime prior to the above judgment,
had passed to Joseph Petrie & Co., Ltd. (subsequently in liquida-
tion) by constable's sale in suit #67672, First City Court of
New Orleans, which suit was brought by said Company to enforce a
lien for labor and material furnished upon the aforesaid property
when owned by Madison.

By judgment of this Court in the case of John
T. Nix, Jr., v. Joseph Petrie & Co., Ltd., #7900 Orl. App., title
in the above property was declared to have passed from Madison to
Petrie & Co., Ltd., on April 19, 1915, by virtue of the constable's
proces-verbal of that date.

By judgment of this court in the case of John
T. Nix, Jr., v. Joseph Petrie & Co., Ltd., #8342 Orl. App., it was
definitely decreed that Petrie & Co.'s title, acquired by the City
Court Constable's sale, was subject to and burdened with Nix's
aforementioned superior vendor's lien and mortgage, reduced to judg
ment on March 9, 1915, in the cause #111,202, Civil District Court
for the Parish of Orleans, being the original suit of John T. Nix,
Jr., v. Alexander Madison, the identical case in which the afore-
said verdict and judgment now under review were rendered.

By judgment of this Court in the consolidated
appeals Nos. 8389 and 8419, the case now again on appeal was re-
manded to the District Court for the Parish of Orleans, the judg-
ment of the said lower court being reversed and the cause being
remanded for the purpose of compelling the plaintiff and appellee,
Nix, to render full and complete account of the rents and revenues

of the property in litigation during the time that Nix had been in posession thereof by virtue of a sheriff's deed declared in this Court under appeal #7900 to have been null and void, and providing that the taxes and insurance and other expenses incurred by Nix should be credited to him as against his indebtedness for such rents and revenues, all in accordance with such evidence as might be adduced on the trial to be had for which the case was remanded.

It was further ordered by this Court that in this new trial the question as to whether Nix's lien was superior to Petrie's claim for labor and material should be determined, and it was also further ordered that Nix should be permitted to proceed with his execution if his claim, on second trial, was found to be superior to that of Petrie's, conditioned upon there being a balance in favor of Nix.

The result of the trial of this cause under the decree remanding same to the District Court, was that the jury rendered the aforesaid verdict in favor of Nix, for the sum of $395, dissolving the injunction without damages and without interest on said amount, and recognizing Nix's vendor's lien to be superior to the claim for labor and material asserted by the liquidators of Petrie & Co., Ltd., and allowing Nix to proceed with the execution of his claim filed in the said proceeding, via ordinaria.

From this judgment Nix has taken the appeal now under consideration, on the ground that the judgment of the jury was insufficient, and that there should have been a balance in favor of Nix in the sum of $562.42, with 8% interest on $299.28 of said amount from January 1, 1922 until paid. The judgment in this matter, which was rendered by the Court a qua, in support of the verdict of the jury, reads as follows:

"Considering the verdict of the jury, the law and the evidence being in favor of defendant in injunction, John D. Nix, Jr., as rendered herein, it is ordered, adjudged and decreed that there be judgment in favor of defendant in injunction, John D. Nix, Jr.,

and against plaintiff in injunction, Joseph Petrie, Louis N. Reiser and John J. Modenbach, as liquidators of Joseph Petrie & Company, Limited, and Joseph Petrie and Company, recognizing the special mortgage and vendor's lien of John D. Nix, Jr., upon the property herein foreclosed upon to be $395.00 (Three hundred and ninety five dollars), after giving due credit for all the rents and revenues collected by him (John D. Nix, Jr.,) from said property and for the disbursements made thereon by him.

It is further ordered, adjudged and decreed that the special mortgage and vendor's lien of John D. Nix, Jr., is superior to the Plumbing claim of Joseph Petrie and Company and Joseph Petrie and Company, Limited.

It is further ordered, adjudged and decreed that the injunction herein sued out by the liquidators of Joseph Petrie and Company, Limited, be dissolved, without damages against them and their surety.

It is further ordered, adjudged and decreed that all other costs herein incurred be borne by Joseph Petrie and Company and Joseph Petrie Company, Limited.

Judgment read and rendered in open Court, Thursday, May 4th, 1922.

Judgment read and signed in open Court, Tuesday, May 16th, 1922."

(Signed) Columbus Reid, Judge.

The appellant herein moved for a new trial, but same was denied by the Court with reasons as follows:

"This case was a difficult one to submit to a jury, as the issues involved were technical and intricate questions of law, as well as accounting, and the jury may not, and could hardly be expected to thoroughly understand the issues. I feel that the balance due on the mortgage notes of John D. Nix, Jr., should be paid by preference over the judgment of Petrie & Co. The jury has evidently subordinated Nix's claim to that of Petrie & Co. by reducing the amount of his claim by the amount of Petrie & Company's. However, the matter can better be determined by the Court on appeal rather than by submission to another jury, and the motion for a new trial, will, therefore, be refused."

N.O., La., May 8, 1922.
(Signed) Columbus Reid, Judge.

An examination of the exhibits and testimony herein filed is conclusive that the total amount due Nix on the items of expenses such as taxes in the sum of $55.92 and repairs

56

in the sum of $150, and of the total mortgage interest, attorney's fees and costs of $728, should be allowed, bringing the total amount due Nix, including 8% of $299.28 on the principal debt, to the sum of $933.92. Against this amount, the evidence shows that Nix collected rents while in the actual, but illegal posession of the property, to the extent of $371.50, which amount, when deducted from the above total of $933.92, leaves a balance due Nix on the above items of $562.42. We are of the opinion that the judgment of the Lower Court should therefore be amended, increasing the allowance to Nix from $395 to $562.42.

On the appeal herein taken, Nix urges here, as he did in the trial of the case as remanded, that he should also be allowed 20% damages on $562.42, or the sum of $112.48, for the illegal issuance of the injunction taken out in this proceeding by the plaintiff in injunction to Petrie & Co., now in liquidation. This latter claim, in our opinion, is not well founded, for the reason shown by the unusual and protracted litigation in this case, and which establishes a justification of the injunction proceedings recognized by this Court in the decree rendered on October 31, 1921, in the consolidated cases Nos. 8389 and 8419, Orl. App.

While it is true that the final trial before jury justifies the judgment setting aside the injunction, the original granting of the same was, in our opinion, justified, and therefore cannot carry with it at this time the statutory damages herein claimed on appeal.

The liquidators of Petrie & Co., Ltd., appellees herein, have answered the appeal, and it is contended by them that they are entitled to 5% interest on rents collected by Mr. Nix, but this must be denied, for the reason that the record discloses that all rents collected during each year were added at the end of the year and deducted from Mr. Nix's claim, thereby reducing his claim by the amount of the rents, and stopping interest which would otherwise have been due on said amount of rents.

The further contention of appellees herein that Nix is only entitled to 5% interest on his claim from the time of the adjudication of the property to Petrie & Co. rather than 8% contractual interest under the mortgage, is, in our opinion, not sound in law nor justified by the facts of this case, and the authority cited in support of said contention - the case of Morris v. Cain, 39 Ann. 713 - is not applicable to the facts of this case, Nix's suit under his non-alienation pact via ordinaria being against Madison, his debtor, and not against the original adjudicatee, Petrie & Co.

Our exhaustive consideration of the most unusual and protracted litigation which has existed in the several suits involved in this case, running for over five years, and in which no less than five appeals have been taken to this Court, results in our conviction that the verdict and judgment herein appealed from is correct in every respect except as to the insufficient amount for which Nix's vendor's lien has been recognized. We have already noted above the proper increase which should be given to the monied judgment in favor of Nix. In all other respects, the judgment should be affirmed.

It is therefore ordered, adjudged and decreed, that the judgment herein appealed from be, and the same hereby is amended, so as to allow John D. Nix, Jr., plaintiff herein, the sum of $562.42, with 8% interest on $299.28 of said amount, from January 1, 1922, until paid. It is further ordered, adjudged and decreed that the injunction herein sued out by the liquidators of Joseph Petrie & Co., Ltd., be, and the same hereby is dissolved, without damages against them and their surety. It is further ordered, adjudged and decreed, that all costs of this appeal and the costs of the lower court herein incurred, shall be borne in solido by the liquidators of Joseph Petrie & Co.,Ltd., successors of Joseph Petrie & Co., and the surety on the injunction bond.

JUDGMENT AMENDED, AND AS AMENDED, AFFIRMED.